IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01524-LTB-MJW

SANFORD B. SCHUPPER,

Plaintiff,

v.

WILLIAM EDIE, et al.,

Defendants.

---

**RECOMMENDATIONS ON
PLAINTIFF'S VERIFIED MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST
DEFENDANT DAVID ZOOK PURSUANT TO FRCP [sic] 55(C) (DOCKET NO. 30)
AND
DEFENDANT DAVID ZOOK'S MOTION TO SET ASIDE ENTRY OF DEFAULT
(DOCKET NO. 33**)

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by Chief Judge Lewis T. Babcock on August 9, 2006 (Docket No. 2).

Now before the court for recommendation are (1) plaintiff's Verified Motion for Entry of Default Judgment Against Defendant David Zook Pursuant to FRCP [sic] 55(c), which was filed on Friday, October 20, 2006 (Docket No. 30), and (2) defendant David Zook's Motion to Set Aside Entry of Default, which was filed on Monday, October 23, 2006 (Docket No. 33). A hearing was held on these motions on November 14, 2006, during which testimony was heard from defendant Zook and plaintiff's witnesses, Jana

2

Torrey and Michael Buckham. The court has considered the motions, responses thereto, oral argument, and the testimony and evidence presented. In addition, the court has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings, conclusions, and recommendations.

Rule 55(c) of the Federal Rules of Civil Procedure provides in relevant part that "[f]or good cause shown the court may set aside an entry of default . . . ." Fed. R. Civ. P. 55(c). "[T]he principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." Mountain States Mut. Cas. Co. v. Kirkpatrick, 2006 WL 2092073 (D. Colo. Jul. 25, 2006) (quoting Hunt v. Ford Motor Co., 1995 WL 523646 (10th Cir. Aug. 29, 1995)). "This list is neither exclusive nor conclusive, and the decision to set aside the entry of default is one within [the court's] discretion." Id. "Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default." Hunt v. Ford Motor Co., 1995 WL 523646 (10th Cir. Aug. 29, 1995). Furthermore, "[j]udgment by default should not be entered without a determination that the court has jurisdiction over the defendant." Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 771 (10th Cir. 1997).

In this case, defendant Zook has offered an explanation for not answering or otherwise responding to the Complaint. Zook is a former Deputy and Chief Deputy

3

District Attorney who has been sued by criminal defendants in the past. His practice is that if he does not get proper service, he does not respond to a civil Complaint. Zook previously participated in the prosecution of the plaintiff. Zook testified that in this case, the plaintiff's various attempts at service of process upon him were not proper because none of them included a Summons and instead merely included a Civil Cover Sheet and a copy of the Complaint.

Plaintiff offered conflicting testimony from Jana Torrey, who prepared the documents for service, and her fiancé, Michael Buckham, who personally served Zook. Both Torrey and Buckham were adamant that a Summons was included. The Return of Service (Defendant's Ex. B), however, merely states that Zook was served with one Cover Sheet and one Complaint and Jury Demand. Torrey claims that this was a "clerical error" which she must have made in the "excitement of the moment" of serving Zook and which was brought to her attention by the plaintiff. Torrey testified that she completed the Return of Service about one minute after service was effected when Buckman got back into the car. Buckham, however, later testified that Torrey was not present when he served Zook as she had left to take their son home. Buckham also testified that when he personally served Zook, the papers were not inside of an envelope. Zook, however, produced to the court an envelope in which he claims the papers were served upon him. That ripped-open yellow envelope has Zook's name and address written on it, along with the date of service, the latter of which was purportedly written by Zook and appears to be written by a different hand than the name and address.

4

The court further notes that Zook's co-defendants were served and timely moved to dismiss.  Zook's attorney also represents those co-defendants.  Plaintiff asserts that there had to be some reason that defense counsel did not enter his appearance on behalf of Zook, and this court finds that the reason was the fact that service on Zook was not complete, rather than Zook's arrogance as asserted by plaintiff.  Zook quickly moved to set aside the entry of default on the first business day after plaintiff moved for default judgment.

This court finds Zook's testimony to be more credible than plaintiff's witnesses and finds that service in this case was not proper and the entry of default should be set aside.  Even if the court were to find that a Summons had been served, this court finds that the plaintiff will not be prejudiced by setting aside the default.  This case is still in the very early stages.  A Scheduling Conference has not yet been held, and discovery has been stayed pending ruling on the other defendants' motion to dismiss which has not yet been fully briefed.  Based upon the above, it is recommended that the Clerk's entry of default be set aside and that default judgment not enter for the plaintiff. "Default judgments, to be certain, are disfavored."  Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990).

**WHEREFORE**, for the foregoing reasons, it is hereby

**RECOMMENDED** that plaintiff's Verified Motion for Entry of Default Judgment Against Defendant David Zook Pursuant to FRCP [sic] 55(c) (Docket No. 30) be **denied**.  It is further

**RECOMMENDED** that defendant David Zook's Motion to Set Aside Entry of

5

Default (Docket No. 33) be **granted**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: November 15, 2006         s/ Michael J. Watanabe
       Denver, Colorado        Michael J. Watanabe
       United States Magistrate Judge