IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01524-LTB-MJW

SANFORD B. SCHUPPER,

Plaintiff,

v.

WILLIAM EDIE, et al.,

Defendants.

## MINUTE ORDER

**Entered by U.S. Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that the *Pro Se* Plaintiff's Motion to Obtain Access to and to Preserve Exhibits from 14 November 2006 Hearing, which was filed on December 5, 2006 (Docket No. 62), is **denied**.

Even though copies of the exhibits are available on-line (Docket No. 47), the original exhibits have been and are contained in a file in this court's chambers (see Docket No. 61).  The court has been advised that the original exhibits have already been examined by the plaintiff's agent.  Also, plaintiff has not established good cause for an unspecified forensic analysis of the manila envelope.

In addition, this court has already determined that discovery concerning Defendant Zook's Motion to Set Aside Default (Docket No. 33) and Plaintiff's Verified Motion for Entry of Default Judgment Against Defendant David Zook Pursuant to FRCP [sic] 55(c) (Docket No. 30) is not warranted simply because the plaintiff obviously disagrees with this court's findings, conclusions, and recommendations.  (Docket No. 60).  Also, this court has already allowed plaintiff one opportunity to file after the full hearing what was purportedly newly-discovered and material evidence, namely, affidavits by plaintiff's two hearing witnesses that the papers personally served on Zook were not folded nor in a manila envelope, even though during the hearing this court would not permit plaintiff to recall his witnesses (see Docket No. 62 at 35, lines19-21), and even though one of those witnesses had already testified that the papers were not in an envelope when he served them on Zook.  (See Docket No. 62 at 32, line 3).

Moreover, as previously noted in a prior Minute Order (Docket No. 60), on

2

November 14, 2006, this court conducted a full hearing on the two motions, and this court has found that its recommendations on those motions would remain the same even if the court were to find that defendant Zook had been served with a Summons. (See Docket Nos. 53 and 60). As stated in the Recommendation, plaintiff will not be prejudiced by setting aside the default; this case is still in the very early stages. (Docket No. 48).  In addition, default judgments are disfavored.  Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990).  In view of these findings, a forensic analysis of the envelope is not warranted.  Should Chief Judge Babcock determine that a forensic analysis of the envelope is needed upon review of plaintiff's objections to this court's Recommendation, such an analysis may be allowed at that time.

Date: December 8, 2006