IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01524-LTB-MJW

SANFORD B. SCHUPPER,

Plaintiff,

v.

WILLIAM EDIE, et al.,

Defendants.

---

## RECOMMENDATIONS ON
## MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT (Docket No. 10)
### and
## DEFENDANT ZOOK'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT (Docket No. 45)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States

Magistrate Judge issued by Chief Judge Lewis T. Babcock on August 9, 2006 (Docket

No. 2).

Now before the court for recommendation are two Motions to Dismiss or in the

Alternative Motion for More Definite Statement pursuant to Rules 8(a) and (c) and

12(b)(1) and (6) of the Federal Rules of Civil Procedure which were filed by the "District

Attorney Defendants," namely, the Office of the District Attorney for the Fourth Judicial

District of Colorado, William Edie, Robyn Cafasso, Jeanne M. Smith (former District

Attorney of the Fourth Judicial District of Colorado), and Linda Dix (Docket No. 10) and

by defendant Zook (Docket No. 45), who joins in and incorporates the other defendants'

motion.  The pro se plaintiff filed a Response (Docket Nos. 23 and 25) and a

Supplemental Response (Docket No. 54), and the defendants filed a Reply (Docket No.

58).  The court has considered the motions, responses, and reply, as well as the court's

file for this case and those of plaintiff's other actions in this court, and applicable

Federal Rules of Civil Procedure and case law.  The court now being fully informed

makes the following findings, conclusions, and recommendation that the motions be

granted.

The pro se Complaint (Docket No. 1) was filed on August 3, 2006, is 39 pages

long with 232 enumerated paragraphs, and raises the following eight claims:

**CLAIM 1: APPLIES TO THE DISTRICT ATTORNEY DEFENDANTS VIOLATIONS OF 42 U.S.C. § 1983: VIOLATIONS OF DUE PROCESS, ABUSE OF PROCESS, OFFICIAL MISCONDUCT, FRAUD, U.S.C. 42 §§ 1983, 1344 (BANK FRAUD), 371 (CONSPIRACY), 241 (CONSPIRACY AGAINST RIGHTS) VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS**

. . .

**CLAIM 2: APPLIES TO THE DISTRICT ATTORNEY DEFENDANTS VIOLATIONS OF 42 U.S.C. § 1983 IMPROPER DETENTION AND CONFINEMENT VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS**

. . .

**CLAIM 3: APPLIES AS TO DISTRICT ATTORNEY DEFENDANTS VIOLATIONS OF 42 U.S.C. § 1983 and § 1985 CONSPIRACIES TO VIOLATE CIVIL AND CONSTITUTIONAL RIGHTS**

. . .

**CLAIM 4: APPLIES AS TO DISTRICT ATTORNEY DEFENDANTS VIOLATIONS OF 42 U.S.C. § 1983 DESTRUCTION OF EVIDENCE, VIOLATION OF DUE PROCESS EQUAL PROTECTION, DESTRUCTION OF, FRAUDULENT - IMPROPER CONCEALMENT OF**

**AND TAMPERING WITH EVIDENCE VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS**

. . .

**CLAIM 5: APPLIES AS TO DISTRICT ATTORNEY DEFENDANTS VIOLATIONS OF 42 U.S.C. § 1983 TAMPERING WITH A WITNESS AND SUBORNATION OF PERJURY VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS**

. . .

**CLAIM 6: APPLIES AS TO DISTRICT ATTORNEY DEFENDANTS VIOLATIONS OF 42 U.S.C. § 1983 FALSE INFORMATION TO A GRAND JURY VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS**

. . .

**CLAIM 7: APPLIES AS TO DISTRICT ATTORNEY DEFENDANTS VIOLATIONS OF 42 U.S.C. § 1983 TORTUOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS**

. . .

**CLAIM 8: APPLIES AS TO DISTRICT ATTORNEY DEFENDANTS VIOLATIONS OF 42 U.S.C. § 1983 GOVERNMENTAL INTERFERENCE WITH ATTORNEY-CLIENT RELATIONSHIP VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS**

(Docket No. 1, Compl. at 23, 25, 26, 29, 31, 33, 34, 35).  Plaintiff's claims concern

defendants' investigation, arrest, prosecution, and conviction of the plaintiff on state

charges.

The defendants seek relief on the following grounds: (1) the plaintiff's claims are

barred by the statute of limitations; (2) plaintiff's civil rights claims against the

defendants are barred by quasi-judicial and good faith immunity; (3) plaintiff's claims

against the defendants are barred for lack of subject matter jurisdiction; (4) former

District Attorney Smith should be dismissed under the provisions of Fed. R. Civ. P.

25(d); (5) plaintiff's potential pendant state law tort claims are barred by sovereign immunity; (6) plaintiff's claims should be dismissed under the <u>Younger</u> doctrine of abstention; and (7) plaintiff's complaint fails to comply with the requirements of Fed. R. Civ. P. 8(a) and (e).

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and resolve all reasonable inferences in plaintiff's favor. <u>Morse v. Regents of the Univ. of Colo.</u>, 154 F.3d 1124, 1126 (10th Cir. 1998); <u>Seamons v. Snow</u>, 84 F.3d 1226, 1231-32 (10th Cir. 1996). A case should not be dismissed for failure to state a claim unless the court determines beyond doubt that plaintiff can prove no set of facts which entitles him to relief. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

Since the plaintiff is not an attorney, his pleadings have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. <u>See Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." <u>Id.</u>

**Statute of Limitations**

5

Noting that the statute of limitations for § 1983 claims is two years in Colorado and for the state claims[1] is also two years, defendants assert that the plaintiff's claims are barred by the statute of limitations. Defendants contend that:

> Plaintiff's Complaint is unclear as to the exact time-frame the alleged actions by the named Defendants took place. In the GENERAL FACTS AND ALLEGATIONS, paragraphs 11- 165, the complaint cites events taking place between 1993 up through June 27, 2003. Based on these points of reference and presumably the named Defendants' alleged actions preceded this concluding date, Plaintiff's claims were not filed against these defendants until August 3, 2006. . . .

> [] Plaintiff's claims against these Defendants for events occurring before August 3, 2004, should be dismissed. Therefore, Plaintiff's Complaint should be dismissed in its entirety.

(Docket No. 10 at 2).

In response, plaintiff asserts the following. He claims that the defendants' motion itself states that the Complaint is unclear as to the exact time-frame the acts took place. Accordingly, he contends that "[i]t would be premature to dismiss this Action given the Defendants' own statements of date ambiguity here." (Docket No. 54 at 3). Furthermore, he asserts that defendants' statement "mandates, at a minimum, discovery and or possible repleading, not essentially a Summary Judgment of Dismissal." (Docket No. 54 at 3). In addition, plaintiff notes that his "Complaint references various acts that were 'continuing to date', including but not limited to Complaint, General Allegations, § 38, Claim 1, § 168,, Claim 3, § 182, Claim 4, § 192." (Docket No. 54 at 3).

---

[1]Plaintiff has not clearly stated any state law claims. All eight claims appear to allege civil rights violations.

6

Plaintiff also contends that the statute of limitations was tolled.  He notes two of his prior actions in this court[2] and claims that the limitations period in this case was tolled during their pendency and during the appeal of his second case.  In addition, he claims that the period was tolled while he was incarcerated, which he describes as a "period of legal incapacity."  (Docket No. 54 at 5).  Finally, he asserts that the period should be equitably tolled.  This court does not agree with any of the plaintiff's contentions.

"State law determines the applicable statute of limitations and accompanying tolling provisions for § 1983 actions."  Smith v. Ortiz, 2006 WL 620871, *4 (10th Cir. Mar. 14, 2006).  The Tenth Circuit has "made clear that the statue of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued."  Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.), cert. denied, 127 S. Ct. 675 (2006).  Likewise, there is a two-year statute of limitations for claims asserted under § 1985.  Merrigan v. Affiliated Bankshares of Colo., Inc., 775 F. Supp. 1408, 1411-12 (D. Colo. 1991), aff'd, 956 F.23d 278 (10th Cir. 1992).  "That limitations period begins to run when the cause of action accrues according to federal law. . . .  A civil

---

[2]The court takes judicial notice of two of the plaintiff's previous civil actions.  The first action, Schupper v. State of Colorado, 03-Z-711-ZLW, was filed on April 23, 2003, and was terminated less than one month later on May 14, 2003, by Senior Judge Zita Weinshienk who abstained from exercising jurisdiction over the action pursuant to 28 U.S.C. § 2283 and Younger v. Harris, 410 U.S. 37 (1971).  (See Docket No. 3 in that action).  The second action, Schupper v. Edie, 04-MSK-351 (CBS), was commenced on February 27, 2004, and was dismissed by Judge Marcia Krieger on February 8, 2005 (Docket No. 156 in that action), because there was no properly-filed amended complaint.  The Tenth Circuit affirmed the District Court's judgment on July 25, 2006. (Docket No. 172 in that action).

rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. . . .  A § 1983 cause of action therefore accrues when the plaintiff knows or should know that his or her constitutional rights have been violated." Smith v. Ortiz, 2006 WL 620871, *4 (citations and quotations omitted).  See Fogle v. Pierson, 435 F.3d at 1258 ("A § 1983 action 'accrues when facts that would support a cause of action are or should be apparent.'"); Siblerud v. Colorado State Bd. of Agriculture, 896 F. Supp. 1506, 1510 (D. Colo. 1995).

This action was commenced on August 3, 2006.   The Complaint specifically references dates that are much more than two years before the filing of that pleading, namely from 1995 to August 2003.  Plaintiff does not dispute that the statute of limitations is two years.  Plaintiff, however, asserts that the limitations period has not run because, *inter alia*, he has alleged continuing violations in his Complaint.  "'A continuing violation is occasioned by continual unlawful acts, not continual ill effect from an original violation.' . . . 'A "continuing wrong" theory should not provide a means of relieving plaintiff from [his] duty of reasonable diligence in pursuing [his] claims.'" Abdelsamed v. United States, 2002 WL 31409521, *19 (D. Colo. Sept. 17, 2002) (quoting National Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1166, 1168 (4th Cir. 1991)), aff'd, 80 Fed.Appx. 90 (10th Cir. 2003), cert. denied, 541 U.S. 950 (2004).  See S.W. Daniel, Inc. v. Urrea, 715 F. Supp. 1082, 1087 (D. Colo. 1989) ("The continuing tort principle addresses itself to persistent wrongful conduct, not mere persistent injury accruing from an earlier wrong. . . .  Typical examples of the types of on-going wrongs that properly may be characterized as continuing torts include persistent denials of

8

medical care and conduct constituting a pattern of mistreatment. . . .  Other wrongs which cause harm into the future, but nevertheless result from a single act of misconduct, are not continuing torts in the absence of continuing illegal acts.").

The court has reviewed the Complaint and notes that just three of the plaintiff's eight claims (one, three, and four) make very general allegations of continuing violations.  A close review of those claims, however, leads this court to conclude that the plaintiff has plead continual ill effects from original violations rather than continuing unlawful acts.  Therefore, such claims accrued when the plaintiff knew or should have had reason to know that his rights were violated.  As shown below, the dates of those alleged acts are not within the two-year limitations period.

In his first claim, plaintiff asserts in pertinent part that "[b]etween July 1995 **and continuing to date**, the District Attorney Defendants operating under and through the Enterprise of the Office of the District Attorney for the 4th Judicial District of Colorado, and with reckless disregard and deliberate indifference for the Constitution [sic] Rights guaranteed to Plaintiff, conspired with one another to violate [plaintiff's] right of Due Process by subverting the legal process of subpoena and/or search warrants."  (Docket No. 1 at 24, ¶ 168) (emphasis added).  Plaintiff's allegations in the Complaint concerning subpoenas and/or search warrants, however, concern events that allegedly occurred in 2001, which are not within the limitations period.  (See Docket No. 1 at ¶¶ 58-90).

In his third claim, plaintiff asserts the following:

Between 1995 and upon information and belief, **continuing to date**, the

9

District Attorney Defendants knowingly conspired with one another and perhaps yet unknown other coconspirators to conceal, tamper with and destroy previously seized irreplaceable and material exculpatory information that was contained on previously seized data processing equipment and media in order to gain an improper prosecutorial advantage over Plaintiff.  Said informational, material and evidence is and was required for Plaintiff's effective defense in his past and pending criminal matters and in doing so, subverted Plaintiff's rights to Due Process, Right to Counsel, Right to Non-Excessive Bail.

(Docket No. 1 at 27, ¶ 182) (emphasis added).  Finally, in his fourth claim, plaintiff similarly states that "[b]etween 1995 and **continuing presently to date**, the District Attorney Defendants knowingly concealed, tampered with and destroyed material and irreplaceable exculpatory evidence on computers and various media that they had seized from Plaintiff and Plaintiff's business entities."  (Docket No. 1 at 29, ¶ 192) (emphasis added).  According to the Complaint, however, the searches of plaintiff's home and business were conducted in August 1995 and March 1996 (Docket No. 1 at 5, ¶ 19),[3] which is far outside the two-year limitations period.

_____

[3]Plaintiff asserts in the General Facts and Allegations portion of his Complaint that

19.  Searches of Plaintiff's home and business were conducted by the District Attorney Defendants immediately following the arrest in August of 1995 and again in March of 1996.

. . .

21.    In additional [sic] to "paper" business and personal records seized in said search warrants, the District Attorney Defendants seized yet-to-be-properly-accounted-for data processing equipment and media.

22.    The District Attorney Defendants and unknown accomplices, in bad faith, with personal malice and animus towards Plaintiff, purposely, willfully and negligently mishandled, improperly tampered with and concealed the seized data processing equipment and associated media so as to improperly prevent

10

Therefore, unless the statute of limitations has been tolled, plaintiff claims are time-barred.  "A plaintiff bears the burden of establishing that the statute has been tolled."  McGee v. Hardina, 140 P.3d 165, 168 (Colo. App. 2005).  Colorado's tolling provisions do not apply here.  Plaintiff was not "a minor under eighteen years of age, a mental incompetent, or a person under other legal disability."  Fogle v. Pierson, 435 F.3d at 1258 (citing § 13-81-101(3)).  While plaintiff contends that he was under a "period of legal incapacity while incarcerated" (Docket No. 54 at 5), "[n]o Colorado court has held that an imprisoned person fell into the 'other legal disability' category."  Fogle v. Pierson, 435 F.3d at 1258 n.2.  Furthermore, in Colorado, "[g]enerally when a statute does not specifically allow for the tolling of a statute of limitations during the pendency of a prior action, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice as to him."  King v. W. R. Hall Transp. & Storage Co., 641 P.2d 916, 920 (Colo. 1982).  See SMLL, L.L.C. v. Peak Nat. Bank, 111 P.3d 563, 565 (Colo. App. 2005) ("Absent a specific statutory provision, Colorado law does not allow for the tolling of a statute of limitations during the pendency of a prior action."); Chilcott Entertainment L.L.C. v. John G. Kinnard Co., 10 P.3d 723, 726 (Colo. App. 2000) ("[T]he Colorado Supreme Court has stated that, absent a specific statutory provision, Colorado law

---

Plaintiff for having access to irreplaceable and material exculpatory information contained thereon so has [sic] to prevent his effective defense of his pending criminal cases that they are and were prosecuting.

(Docket No. 1 at 5, ¶¶ 21, 22).

11

does not allow for the tolling of a statute of limitations during the pendency of a prior action.") (citing King, 641 P.2d 916; Brown v. Hartshorne Pub. Sch. Dist. #1, 926 F.2d 959 (10th Cir. 1991) (in absence of statute to the contrary, limitation period not tolled during pendency of dismissed action); Cook v. G.D. Searle & Co., 759 F.2d 800 (10th Cir. 1985) (recognizing that Colorado law indicates a policy disfavoring tolling by mere pendency of prior action)). "The closest statute on this issue is Colo.Rev.Stat. § 13-80-111, which permits a plaintiff to re-file an action within ninety days of the termination of an original action for lack of jurisdiction or improper venue." Phillips v. Harrison, 2005 WL 1773952, *2 n.4 (D. Colo. July 26, 2005). Plaintiff's prior actions which he claims toll the limitations period were not terminated based upon lack of jurisdiction or improper venue. Therefore, the limitations period was not tolled during the pendency of those two actions. See Nguyen v. Swedish Med. Ctr., 890 P.2d 255, 256 (Colo. App. 1995) ("[I]nasmuch as plaintiff's first action was dismissed for a procedural defect, not for lack of jurisdiction, the remedial revival statute was inapplicable to plaintiff's second complaint.").

Colorado does recognize "the doctrine of equitable tolling, which applies 'when flexibility is required to accomplish the goals of justice,' such as 'when plaintiffs did not timely file their claims because of "extraordinary circumstances' or because defendants' wrongful conduct prevented them from doing so.'" Fogle v. Pierson, 435 F.3d at 1258 (citing Morrison v. Goff, 91 P.3d 1050, 1053 (Colo. 2004)). No such circumstances have been presented here.

Plaintiff claims that at the time his amended complaint was due in his previous

action (Civil Action No. 04-MK-351 (CBS)), he "was not only involuntarily *pro se* in his criminal trial in El Paso County, but was under the influence of substantial prescribed narcotics and anti-consultants.  This is truly an exceptional circumstance."  (Docket No. 54 at 4).  In that prior action, however, Judge Krieger considered those circumstances, among others, when she found no excusable neglect and denied plaintiff's second motion for additional time to restate complaint.  In that ruling, Judge Krieger noted, *inter alia*, plaintiff's contentions that he needed to prepare for a felony trial scheduled to begin September 27 in which he was proceeding *pro se* and without an investigator or expert witness, that since September 5, 2004, he had been taking prescribed narcotic analgesics which impaired him substantially, and that he suffered from an unforeseeable, sudden medication complication which caused him pain and substantially impaired his ability to prepare and file an Amended Complaint. Nevertheless, Judge Krieger found that

> [t]he press of other business does not amount to excusable neglect. Therefore, although Plaintiff may have been required to prepare for his September 27 criminal trial, he was aware of the need for such preparations at the time he first requested a 60-day enlargement of time.  His decision to dedicate his time to that endeavor over preparing and filing an Amended Complaint therefore does not establish excusable neglect.

> Plaintiff's medical infirmities present a different question.  Illness which is so physically and mentally disabling that a party is unable to timely file a document with the Court can support a finding of excusable neglect. . . . .  However, such illness must be so debilitating that the party is not reasonably be able to communicate with the Court. . . . .

> Like the Magistrate Judge, this Court assumes that Plaintiff received medical treatment on September 5 for a serious medical condition (shingles) which caused him substantial pain, required prescription narcotic analgesics, and impaired his ability to work.  The

13

question is whether this medical condition incapacitated Plaintiff such that he was unable to timely file his Amended Complaint, or at the very least, request an enlargement of time before October 4.

In recommending the denial of Plaintiff's motion for enlargement of time, the Magistrate Judge considered Plaintiff's activities in Case No. 03-MK-2010 (CBS). The Court may properly take judicial notice of documents contained in its files. In September 2004, Plaintiff filed three documents in that case, including a motion for enlargement of time (on September 7), a motion to vacate and reset a hearing (September 15), and a motion to extend the dispositive motions deadline (September 30). Plaintiff's activities in Case No. 03-MK-2010 (CBS) demonstrate that his illness, serious though it was, did not prevent him from timely filing an Amended Complaint in the case at bar or for at least filing a motion for an enlargement of time prior to October 4.

The Court also considers that between August 9 and September 5, Plaintiff was not ill. . . . Plaintiff offers no justification for his failure to prepare of file an Amended Complaint during that 27-day period.

Plaintiff therefore has not established excusable neglect for his failure to timely file his Amended Complaint or to request an enlargement of time before October 4. . . .

(Civil Action No. 04-MK-351 (CBS), Docket No. 156 at 6-8) (citations omitted). The

Tenth Circuit concluded "that the district court's finding of no 'excusable neglect' was

not an abuse of discretion." (Civil Action No. 04-MK-351 (CBS), Docket No. 172 at 5).

Plaintiff asserts in his response that defendants' statement that the "Complaint is

unclear as to the exact time-frame the alleged actions . . . . took place" "mandates, at a

minimum, discovery and or possible repleading, not essentially a Summary Judgment

of Dismissal." (Docket No. 54 at 3). It is not clear whether plaintiff's mention of

discovery in this statement would be discovery by plaintiff and/or by the defendants. In

any event, if such statement is construed as a general allegation that if plaintiff were

given the opportunity to develop additional facts through discovery, he might be able to

14

prove a "continuing violation," such a statement does not support tolling the statute of limitations.  See Lee v. Rocky Mountain UFCW Unions & Employers Trust Pension Plan, 1993 WL 482951, *1 (10th Cir. Nov. 23, 1993).

In sum, construing the plaintiff's allegations in the most favorable light, this court finds that the plaintiff has not alleged facts that would extend the period of filing or excuse his failure to bring the instant action within the applicable limitations period. Therefore, it is recommended that the plaintiff's claims be dismissed with prejudice. Based upon this recommendation, it is unnecessary to address the additional bases for dismissal raised by the defendants.

**WHEREFORE**, for the foregoing reasons, it is hereby

**RECOMMENDED** that the Motion to Dismiss or in the Alternative Motion for More Definite Statement (Docket No. 10) and Defendant Zook's Motion to Dismiss or in the Alternative Motion for More Definite Statement (Docket No. 45) be granted and that the Complaint be dismissed with prejudice.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of**

15

**Corrections**, 183 F.3d 1205, 1210 (10th Cir. 1999); **Talley v. Hesse**, 91 F.3d 1411, 1412-13 (10th Cir. 1996).


Dated: January 16, 2007                    s/ Michael J. Watanabe
      Denver, Colorado                     Michael J. Watanabe
                                       United States Magistrate Judge